UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) JERRY DUPREE, | ) | |
| | ) | |
| 2) TERRY DUPREE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No.: 13-cv-223-SPS |
| | ) | |
| 1) PROGRESSIVE NORTHERN | ) | |
| INSURANCE CO., | ) | (*formerly District Court of Marshall* |
| | ) | *County; Case No. CJ-2013-25*) |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Northern Insurance Company (hereinafter referred to as "Progressive"), hereby removes the above-captioned action from the District Court in Marshall County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2, a certified copy of the state court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-5**. As shown in the docket sheet, there are no pending motions at this time. *See* LCvR 81.2. Progressive has filed its Answer and has not filed or received any other papers in this case.

The removal of this case to federal court is based on the following:

1. Plaintiffs, Jerry Dupree and Terry Dupree (hereinafter referred to as "Plaintiffs"), commenced this action against Progressive in the District Court of Marshall County, State of Oklahoma (Case No. CJ-2013-25), on April 16, 2013. (*See* Plaintiffs' Petition, attached as **EXHIBIT 2**.) In their original petition, Plaintiffs asserted a claim for breach of contract against Progressive. (*See* Plaintiffs' Petition, ¶¶ 1-5, **EXHIBIT 2**.)

2.       On April 25, 2013, Plaintiffs filed their Amended Petition for Breach of Contract in Violation of Good Faith and Fair Dealing ("Amended Petition"). (*See* Plaintiffs' Amended Petition, attached as **EXHIBIT 4**.)

3.       On May 3, 2013, pursuant to Oklahoma Statute, Title 36, Section 621(B) Plaintiffs served a Summons and copy of the Amended Petition against Progressive by service of process upon the Oklahoma Insurance Commissioner. (*See* Return of Service Documents, attached as **EXHIBIT 3**.)

4.       In their Amended Petition, Plaintiffs' cause of action for breach of contract asserts that their Carver 6/40 was insured under a policy issued by Progressive. (*See* Plaintiffs' Amended Petition, ¶ 1, **EXHIBIT 4**.) Plaintiffs also assert that on June 20, 2011, their boat sustained "extensive storm and wind damages." (*See* Plaintiffs' Amended Petition, ¶ 1, **EXHIBIT 4**.) According to Plaintiffs, this damage was reported to Progressive, "who thereafter had an adjuster complete an estimate of the damages." (*See* Plaintiffs' Amended Petition, ¶ 3, **EXHIBIT 4**.) Plaintiffs assert their boat "sustained damages in a sum in excess of $10,000.00 for which [Progressive] should be made to pay to the Plaintiffs." (*See* Plaintiffs' Amended Petition, ¶ 4, **EXHIBIT 4**.)

5.       Additionally, Plaintiffs assert a bad faith cause of action against Progressive. (*See* Plaintiffs' Amended Petition, ¶ ¶ 6-9, **EXHIBIT 4**.) Specifically, Plaintiffs assert Progressive's "refusal to pay Plaintiffs' claim was unreasonable under the circumstances." (*See* Plaintiffs' Amended Petition, ¶ 6, **EXHIBIT 4**.) Plaintiffs also assert Progressive "has looked for reasons to deny the claim and has placed its own interests above and beyond those of the Plaintiffs." (*See* Plaintiffs' Amended Petition, ¶ 6, **EXHIBIT 4**.) Additionally, Plaintiffs assert Progressive has "committed acts of deceit and misrepresentation in the handling of the insurance claim, and the actions of [Progressive] have been in reckless disregard of its duty to deal fairly and act in good faith with its insurance . . . ." (*See* Plaintiffs' Amended Petition, ¶ 8, **EXHIBIT 4**.) According to Plaintiffs, Progressive's alleged breach

of its duty of good faith and fair dealing has resulted in Plaintiffs paying attorney fees and experiencing mental pain, anguish, distress, inconvenience, and annoyance. (*See* Plaintiffs' Amended Petition, ¶ 7, **EXHIBIT 4**.)

6. For their bad faith cause of action, Plaintiffs request damages in excess of $10,000.00. (*See* Plaintiffs' Amended Petition, p. 2, **EXHIBIT 4**.) Plaintiffs also request punitive damages in excess of $10,000 under 23 O.S. § 9.1. (*See* Plaintiffs' Amended Petition, p. 2, **EXHIBIT 4**.) Finally, Plaintiffs request attorney fees, pre-judgment interest, post-judgment interest, and costs under 36 O.S. § 3629. (*See* Plaintiffs' Amended Petition, p. 3, **EXHIBIT 4**.)

7. At the time of the storm at issue, the insurance policy issued to Plaintiffs by Progressive (Policy No. 33263180-3) provided an agreed upon value of $85,000.00 in comprehensive coverage, minus the deductible. (*See* Declarations Page, attached as **EXHIBIT 6**.)

8. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Rasul v. Bush*, 542 U.S. 466, 489 (2004). For a federal court to have original jurisdiction of a case or controversy, there must exist a federal question or diversity jurisdiction. At the time the Amended Petition was filed, there existed no federal question at issue. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See* Plaintiffs' Amended Petition, **EXHIBIT 4**.)

9. However, as of the moment Plaintiffs filed their Amended Petition, there existed diversity jurisdiction. (*See* Plaintiffs' Amended Petition, **EXHIBIT 4**.)

10. Specifically, as of the date of Plaintiffs filing their Amended Petition, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction, as it is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as shown below.

11. At the time of filing, the relevant time period, upon information and belief, Plaintiffs were residents and citizens of the State of Oklahoma. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing). Plaintiffs were not citizens of the State of Ohio or Wisconsin. (*See* Declarations Page, **EXHIBIT 6**.)

12. For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c). While Congress never defined exactly what is a "principal place of business," the Supreme Court recently held unanimously that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

13. At the time of filing, Progressive was a foreign corporation, incorporated under the laws of the state of Wisconsin and its "nerve center" or "principal place of business" is in Ohio. Progressive was not a citizen of the State of Oklahoma. (*See* Annual Statement, attached as **EXHIBIT 7**.)

14. The requirement that Plaintiffs seek in excess of $75,000.00, exclusive of interest and costs, is also met. Although Plaintiffs' Amended Petition does not explicitly state Plaintiffs are seeking damages in excess of that required for diversity jurisdiction (as required by Oklahoma law, *see* 12 O.S. § 2008(A)(2)), as will be demonstrated below, a judgment in Plaintiffs favor could be worth in excess of $75,000.00.

15. This Circuit has established that when an out-of-state defendant wishes to assert diversity jurisdiction, the defendant must "prove jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy may exceed $75,000.00." *McPhail v. Deere & Co.*,

4

529 F.3d 947, 953 (10th Cir. (Okla.) 2008) (citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. (Okla.) 2001)). Recognizing that removal generally occurs in the early stages of litigation, the Tenth Circuit offered the following solution to the defendant's obvious lack of supporting evidence:

> [T]he removing defendant, as proponent of federal jurisdiction, must establish what the plaintiff stands to recover. We have suggested several ways in which this may be done—by contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands. The list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to, and this demonstration may be made from either side's viewpoint . . . .

*Id.* at 954 (quoting *Meridian Security Inc. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). Recently in *Fredrick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242 (10th Cir. 2012), the Tenth Circuit reaffirmed its holding in *McPhail* and extended the "preponderance of the evidence" standard to cases invoking jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). *Id.* at 1247. Assuming diversity exists, a federal court may stand in diversity jurisdiction, unless "it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor . . . ." *Id.* at 955 (quoting *Meridian*, 441 F.3d at 543); *see also Fredrick*, 683 F.3d at 1247 ("Once a defendant meets this burden, remand is appropriate only if the plaintiff can establish that it is legally impossible to recover more than [required for federal diversity jurisdiction].").

16.   As shown above, Plaintiffs' Amended Petition asserts two causes of action against Progressive: (1) breach of contract; and (2) bad faith. With respect to the first cause of action, Plaintiffs only state they are seeking in excess of $10,000.00. (*See* Plaintiffs' Amended Petition, ¶

5

4, **EXHIBIT 4**.)  Not only does this fail to comply with Oklahoma's Pleading Code, *see* 12 O.S. § 2008(A)(2), it does not place a "cap" on the damages Plaintiffs are seeking for their cause of action for breach of contract.   This is important for the reasons set forth below.

17.     During Progressive's investigation of Plaintiffs' claim, Plaintiffs provided Progressive an estimate indicating that it would require $48,996.13 in parts and labor to repair their boat.  (*See* Claim Notes, p. 18, **EXHIBIT 8;** *see also* Estimate of Eisenhower Yacht Club, attached as **EXHIBIT 9**.)  According to Plaintiffs, this estimate demonstrated Progressive should have declared the boat a total loss.  (*See* Claim Notes, p. 18, **EXHIBIT 8**; *see also* Affidavit of David Boykin, **EXHIBIT 11**.) Although Progressive disputes the extent and cause of the damages included in Plaintiffs' estimate, if the jury agrees with Plaintiffs that the boat was a total loss, a verdict for policy limits would be rendered.

Specifically, Plaintiffs' insurance policy provided an agreed upon value of $85,000.00 in comprehensive coverage.  (*See* Declarations Page, **EXHIBIT 6**.)  Under this policy, if the boat is declared a total loss, as Plaintiffs demand, Progressive has agreed to pay Plaintiffs the agreed upon value of the boat regardless of the current fair market value.  (*See* Pertinent sections of Progressive's Oklahoma Boat and Personal Watercraft Policy, p. 19, attached as **EXHIBIT 10**; *see* also Affidavit of David Boykin, attached as **EXHIBIT 11** .)  In other words, Plaintiffs' assertion that their boat was a total loss places at a minimum of $85,000.00 in controversy just for the breach of contract claim. Relying upon the estimate Plaintiffs provided to Progressive during its claims investigation, Progressive has easily met its burden of showing the requisite amount for federal jurisdiction is in controversy.

18.     Moreover, "where a single plaintiff has multiple claims against a single defendant or against two or more defendants jointly, and the claims are of such character that they may properly

6

be joined in one suit, the aggregate amount thereof is for the purpose of federal jurisdiction the amount in controversy." *Alberty v. Western Ins. Co.*, 249 F.2d 537, 538 (10th Cir. 1957).

19. In addition to their cause of action for breach of contract, Plaintiffs are seeking an amount "in excess of $10,000.00" for their cause of action for bad faith. (*See* Plaintiffs' Amended Petition, p. 2, **EXHIBIT 4**.)  Plaintiffs also assert that their cause of action for bad faith entitles them to punitive damages under 23 O.S. § 9.1, and attorney fees, pre-judgment interest, post-judgment interest, and costs under 36 O.S. § 3629. (*See* Plaintiffs' Amended Petition, pp. 2-3, **EXHIBIT 4**.)

20. When punitive damages are alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists. *See Woodmen of World Life Ins. Society v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir. 1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional amount."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal jurisdiction existed). To determine if the inclusion of punitive damages satisfies the jurisdictional amount in controversy, the Seventh Circuit provided the following two part test:

> The first question is whether punitive damages are recoverable as a matter of state law. If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff

> would under no circumstances be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)).

21. If Plaintiffs' cause of action for breach of contract, alone, does not allow for this Court to have original diversity jurisdiction, Plaintiffs inclusion of a request for punitive damages for their cause of action for bad faith places a sufficient amount in controversy for diversity jurisdiction. It is well established that under Oklahoma law, a plaintiff may seek punitive damages for the tort of bad faith. *Christian v. Am. Home Insruance Co.*, 577 P.2d 899, 904 (Okla. 1977). In the present case, punitive damages have been alleged and are allowed by state law. Therefore, as stated in *Del Vecchio*, the only question is whether "it is clear beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount." 230 F.3d at 978 (internal quotations omitted). The answer to this question *must* be no.

22. In Oklahoma, punitive damages are controlled by statute. *See* 23 O.S. § 9.1. There are three categories of punitive damages. Each category increases the amount a plaintiff can potentially recover. Plaintiffs' Amended Petition alleges facts that could implicate Categories I punitive damages. Category I punitive damages allows a jury upon finding that an insurer "recklessly disregarded its duty to deal fairly and act in good faith with its insured[,]" to award punitive damages in an amount not to exceed the greater of $100,000, or the amount of actual damages awarded. 23 O.S. § 9.1(B). As can be seen, the mere act of alleging punitive damages places, at a minimum, $100,000.00 at controversy.

23. Further, the United States "Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in removal proceeding based upon diversity of citizenship." *Miera v. Dairyland*

8

*Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (justifying removal to federal court based on diversity jurisdiction, notwithstanding state statute directive that attorney's fees should be taxed as costs).

24.  Plaintiffs' Amended Petition indicates they intend to recover their attorney fees. (*See* Plaintiffs' Amended Petition, pp. 2-3, **EXHIBIT 4**.)  Title 36 O.S. § 3629, allows Plaintiff (or Defendant) to recover its attorney fees.  According to the statutory language:

> A. An insurer shall furnish, upon written request of any insured claiming to have a loss under an insurance contract issued by such insurer, forms of proof of loss for completion by such person, but such insurer shall not, by reason of the requirement so to furnish forms, have any responsibility for or with reference to the completion of such proof or the manner of any such completion or attempted completion.
>
> B. It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. **Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party.** For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured shall be the prevailing party. If the insured is the prevailing party, the court in rendering judgment shall add interest on the verdict at the rate of fifteen percent (15%) per year from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict. This provision shall not apply to uninsured motorist coverage.

36 O.S. § 3629 (emphasis added).

25.  In counsel for Defendant's most recent case involving a bad faith claim premised on a property damage boat claim, Defendant was the prevailing party.  *See* Judgment, *Morton v. Progressive Northern Insurance Company*, United States District Court for the Western District of Oklahoma, Case No. 09–cv-1406-W, Docket No. 125, attached as **EXHIBIT 12**.  Similar to this case, the *Morton* case involved a claim for property damage.  Because Defendant was the prevailing party, and Defendant's counsel charged reasonable hourly rates and kept meticulous time records, Defendant

was entitled to recover attorney fees, totaling $139,225.00. *See* Order, *Morton*, Docket No. 148, attached as **EXHIBIT 13**. On appeal, the Tenth Circuit affirmed the district court's award of attorney fees. *See Morton v. Progressive Northern Insurance Company*, 498 Fed. Appx. 835, 842 (10th Cir. 2012) (unpublished opinion).

26. As can be seen, "it is not legally impossible for the amount at issue to exceed" $75,000.00. Thus, even if Plaintiffs' cause of action for breach of contract and request for punitive damages does not establish diversity jurisdiction, Plaintiffs inclusion of attorney fees easily brings this case over the "amount in controversy" minimum.

27. Therefore, based on the foregoing, removal is proper under 28 U.S.C. § 1441(a) on the ground that this is a civil action over which the court has original jurisdiction under 28 U.S.C. § 1332(a)(2), as the parties are diverse and the amount in controversy with respect to Plaintiffs' claims exceeds $75,000.00, exclusive of interest and costs.

28. Next, federal statute requires that none of the parties served as defendants be citizens of the State in which the action is brought. *See* 28 U.S.C. § 1441(b). As shown above, Progressive is not a citizen of Oklahoma, the State in which this action was brought.

29. This Notice of Removal is timely filed with this court, pursuant to 28 U.S.C. § 1446(b), because 30 days have not elapsed since Progressive was served with Plaintiffs' Amended Petition. (*See* Plaintiffs' Amended Petition, filed on April 25, 2013, **EXHIBIT 4**.) Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Plaintiffs' Amended Petition, filed on April 25, 2013, **EXHIBIT 4**.)

30. Lastly, this Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "the district court of the United States for the district and division within which such

action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Marshall County, State of Oklahoma.  The Eastern District of Oklahoma includes the County of Marshall County.  *See* 28 U.S.C. § 116(a).  Therefore, removal to this Court is proper.

31.     Pursuant to 28 U.S.C. § 1446(d), Progressive will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Marshall County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Northern Insurance Company, removes this action from the District Court in and for Marshall County, State of Oklahoma, to the United States District Court for the Eastern District of Oklahoma.

                                    Respectfully submitted,


                                    s/ Brad L. Roberson
                                    Brad L. Roberson, OBA No. 18819
                                    PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
                                    Robinson Renaissance Building
                                    119 North Robinson Avenue, 11th Floor
                                    Oklahoma City, Oklahoma 73102
                                    Telephone:    (405) 606-3333
                                    Facsimile:    (405) 606-3334
                                    **ATTORNEYS FOR DEFENDANT**


## CERTIFICATE OF SERVICE

This certifies that on May 17, 2013, the above and foregoing instrument was delivered to the following counsel of record:

Dustin P. Rowe, Esquire                    *VIA CERTIFIED U.S. MAIL*
Rowe Law Firm
225 West Main Street
Tishomingo, Oklahoma 73460
Telephone:    580-371-9561
Facsimile:    580-371-9869
**ATTORNEY FOR PLAINTIFFS**

11

The Honorable Wallace Coppedge          *VIA U.S. MAIL*
Marshall County Courthouse
Post Office Box 58
Madill, Oklahoma 73446

Wanda Pearce, Court Clerk               *VIA U.S. MAIL*
Marshall County Courthouse
One Courthouse St.
Post Office Box 58
Madill, Oklahoma 73446

                                          s/ Brad L. Roberson
                                          For the Firm